# United States Court of Appeals
## For the First Circuit

No. 00-1071

UNITED STATES OF AMERICA,

Appellee,

v.

PETER A. FILIPPI,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Boudin, Stahl and Lynch,

Circuit Judges.

Robert B. Mann, by appointment of the court, with whom Mann & Mitchell was on brief for appellant.
Donald C. Lockhart, Assistant United States Attorney, with whom Margaret E. Curran, United States Attorney, and James H. Leavey, Assistant United States Attorney, were on brief for the United States.

May 2, 2000

BOUDIN, <u>Circuit Judge</u>.  In March 1999, a federal grand jury indicted Peter A. Filippi on charges of operating a racketeering enterprise and racketeering conspiracy, 18 U.S.C. §§ 1962(c), (d) (1994), and related charges concerning extortionate credit and illegal gambling.  <u>Id.</u> §§ 892, 894, 1955.  Filippi then filed a motion asking that he be declared incompetent to stand trial because he suffered from vascular dementia and was unable to assist his counsel.  After a limited examination, the government's psychiatrist agreed.  Thereafter, in January 2000, the district court found that Filippi was not competent to stand trial and should be committed to a federal facility for evaluation for a period not to exceed four months pursuant to 18 U.S.C. § 4241(d).

Section 4241(d)--the centerpiece of this case--provides <u>inter</u> <u>alia</u> that where the district court finds a defendant incompetent to stand trial by reason of mental disease or defect, the court "shall" commit the defendant to the custody of the Attorney General, who is required to hospitalize the defendant for treatment and "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future [the defendant] will attain the capacity to

-2-

permit the trial to proceed." Id. Another provision, not here pertinent, governs where the initial examination does not establish such a "substantial probability." See id. § 4246.

Although the finding of incompetency was to Filippi's liking, the commitment order was not. He objected on the ground that the medical evidence showed that he suffered from vascular dementia, that the condition is irreversible, and that therefore confinement for purposes of diagnosis served no legitimate purpose and thus violated the Due Process Clause. The government does not concede that Filippi is irreversibly incompetent, but the district court made no finding on the point. Instead, the court concluded that where a defendant was found incompetent to stand trial, Congress had provided for automatic hospitalization for a limited period to permit an inpatient diagnosis, and it rejected Filippi's constitutional attack on the statute.

Filippi then filed a notice of appeal from the commitment order and sought a stay successively from the district court and from this court. Like the district court, this court denied the stay, but we expedited this appeal. The government asserts that this court lacks jurisdiction over the appeal and says that in any event the statute and the commitment order do not violate the Constitution. We find that we do have

-3-

jurisdiction but agree with the government as to the constitutionality of the statute and order.

On the question of jurisdiction, Filippi concedes that the commitment order is not a "final decision" resolving this case within the meaning of 28 U.S.C. § 1291 (1994), which confers on us "jurisdiction of appeals from all final decisions of the district courts"; and none of the statutory provisions explicitly allowing for interlocutory appeals applies here. See, e.g., 18 U.S.C. § 3731. However, Filippi asserts that the order incarcerating him for up to four months is reviewable under the collateral-order doctrine, see Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949), and its progeny.

In this circuit, such a collateral order must be distinct from the merits, definitive as to the issue to be reviewed, affect interests that could not be vindicated by appeal after a final judgment, and present a significant legal issue (as opposed, for example, to the mere challenge to the exercise of discretion). United States v. Kouri-Perez, 187 F.3d 1, 5 (1st Cir. 1999). The government concedes that the first and third requirements are satisfied but says that the second and fourth requirements have not been met.

On the first of these two disputed issues--whether the ruling to be reviewed is definitive--the government is right in

-4-

saying that Filippi's competency to stand trial has not yet been finally determined (since he is even now being examined) but wrong in thinking that this matters. The requirement of a definitive ruling is meant to avoid premature review of an undeveloped issue. Here, the order that Filippi is challenging is his initial commitment, which is now occurring; and the constitutional issue he seeks to present was addressed and expressly decided by the district court.

As for the significance of the legal issue, it is true that the two circuits that have addressed the constitutional issue both agreed with the government and upheld the statute. But the issue is an open one in this circuit, its importance is obvious both for this case and many others, and we think the constitutional attack is not frivolous even though we ultimately reject it and believe it reasonably clear that the Supreme Court would do likewise. Thus, there is enough significance to the issue to warrant review under the collateral-order doctrine.

Turning to the merits, we assume arguendo that the statute means exactly what it says, namely, that the district court has no discretion in the matter and must commit the defendant for an initial period of up to four months after finding him incompetent to stand trial. This may be an overstatement--suppose, for example, the defendant was close to

-5-

death. But no such extraordinary claim has been pressed in this case and, whatever the possible implicit exceptions, the statute certainly establishes a general rule of some breadth and does not appear to call for any case-by-case choice by the district court as to whether to incarcerate once the incompetency finding has been made.

It is the use of a general rule that gives Filippi's constitutional argument such force as it may possess. Filippi has not yet been found guilty of a crime and is not being detained as a flight risk or danger to the community; nor is there any suggestion that his mental condition makes him dangerous to himself or to others. There is not even a finding, although possibly one could be made, that an in-hospital examination is necessary for government experts to make a more careful determination whether Filippi is afflicted with vascular dementia or to elicit evidence as to whether there is a "substantial probability" that he will soon recover sufficient capacity to stand trial.

The Due Process Clause has been taken to protect certain "fundamental rights" from unreasonable impairment, even where there is no challenge to the fairness of the procedures used, Washington v. Glucksberg, 117 S. Ct. 2258, 2267 (1997), and among such rights an individual's interest in his "liberty"

-6-

is surely at the top of the list.  <u>United States</u> v. <u>Salerno</u>, 481 U.S. 739, 750 (1987).  Filippi's liberty is certainly being impaired by the order, but clearly the government has a compelling interest in pursuing the diagnosis; Filippi, after all, has been indicted by a grand jury for serious crimes but now claims that he cannot be tried and punished because his mental condition makes him unable to assist his counsel.

The constitutional question is whether automatic commitment with substantial safeguards as to duration is a reasonable, and sufficiently "narrowly tailored," accommodation of the competing interests.  See <u>Glucksberg</u>, 117 S. Ct. at 2268. In our view, Congress could reasonably think that, in almost all cases, temporary incarceration would permit a more careful and accurate diagnosis before the court is faced with the serious decision whether to defer trial indefinitely and (quite often) to release the defendant back into society.  Is it unconstitutional for Congress to make a uniform rule rather than to have a determination made on a case-by-case basis?

For two reasons, one practical and the other precedential, we think the statute is constitutional.  On the practical side, the statute is categorical in determining <u>who</u> shall be incarcerated, but it is much more flexible and case-oriented in determining the length of incarceration.  In

addition to the cap on the initial diagnosis limiting it to a maximum of four months, the statute provides that the period of incarceration is only for "such a reasonable period of time . . . as is necessary" to determine whether the defendant will attain the capacity for trial in the foreseeable future. Here, the district judge ordered reports at 30-day intervals, and the record reflects the expectation that the detention will not last the entire four months.

The second consideration is precedential. Although the Supreme Court has not squarely decided the issue before us, it did face in Jackson v. Indiana, 406 U.S. 715 (1972), the general issue of committing those found incompetent to stand trial. While it rejected indefinite commitment, it upheld in principle commitment for a "reasonable period of time necessary to determine whether there is a substantial probability that [the defendant] will attain that capacity in the foreseeable future." Id. at 738. The present statute is self-evidently built upon Jackson, Congress having concluded that four months fell within the concept of a "reasonable period". See S. Rep. No. 98-225, at 236 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3418.

Since its enactment, two other circuits have ruled that section 4241(d) conforms to Jackson. See United States v.

-8-

Donofrio, 896 F.2d 1301, 1302-03 (11th Cir.), cert. denied, 497 U.S. 1005 (1990); United States v. Shawar, 865 F.2d 856, 863-64 (7th Cir. 1989).  Nor do we agree with Filippi that the law has been changed in any way helpful to him by Kansas v. Hendricks, 521 U.S. 346 (1997).  That case upheld a commitment statute directed to sexual predators based on a finding of dangerousness coupled with mental illness; but it did not, as Filippi would have it, hold that dangerousness is always a condition of commitment.

Affirmed.