**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PHILIP K. PAULSON,
           *Plaintiff-Appellee,*

and

SOCIETY OF SEPARATIONISTS INC.,
                    *Plaintiff,*

v.

CITY OF SAN DIEGO, aka City of
San Diego California,
           *Defendant-Appellant,*

and

MT. SOLEDAD MEMORIAL
ASSOCIATION, INC.,
                    *Defendant.*

No. 06-55769

D.C. No.
CV-89-00820-GT

PHILIP K. PAULSON,
                    *Plaintiff-Appellee,*

SAN DIEGANS FOR THE MT. SOLEDAD
NATIONAL WAR MEMORIAL,
                    *Appellant,*

          and

SOCIETY OF SEPARATIONISTS INC.,
                    *Plaintiff,*

          v.

CITY OF SAN DIEGO, aka City of
San Diego California,
                    *Defendant,*

          and

MT. SOLEDAD MEMORIAL
ASSOCIATION, INC.,
                    *Defendant-Appellant.*

No. 06-55835

D.C. No.
CV-89-00820-GT

PHILIP K. PAULSON,
                    *Plaintiff-Appellee,*

SAN DIEGANS FOR THE MT. SOLEDAD
NATIONAL WAR MEMORIAL,
                    *Appellant,*

          v.

CITY OF SAN DIEGO, aka City of
San Diego California; MT.
SOLEDAD MEMORIAL ASSOCIATION,
INC.,
                    *Defendants.*

No. 06-55919

D.C. No.
CV-89-00820-GT

OPINION

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Jr., Senior Judge, Presiding

Argued and Submitted
October 19, 2006—Pasadena, California

Filed January 12, 2007

Before: Harry Pregerson, Ronald M. Gould, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Gould

**COUNSEL**

James E. McElroy, San Diego, California, for plaintiff-appellee Philip K. Paulson.

Michael J. Aguirre, City Attorney, and David J. Karlin, Deputy City Attorney, San Diego, California, for defendant-appellant City of San Diego.

Robert Joseph Muise, Ann Arbor, Michigan, for proposed intervenor San Diegans for the Mt. Soledad National War Memorial.

Sue Ellen Wooldridge, Assistant Attorney General; Ryan D. Nelson, Deputy Assistant Attorney General; and Kathryn E. Kovacs, Attorney, United States Department of Justice, Appellate Section, Environment & Natural Resources Division, Washington, D.C., for amicus curiae United States of America.

**OPINION**

GOULD, Circuit Judge:

[1] The appeal by the City of San Diego ("the City") of the district court's May 3, 2006 order to enforce a December 3,

1991 injunction under California constitutional authority is moot. *See Paulson v. City of San Diego*, Civ. No. 89-0820GT, 2006 U.S. Dist. LEXIS 44740 (S.D. Cal. May 3, 2006). On August 14, 2006, federal legislation transferred title of the Mount Soledad Veterans War Memorial to the United States. *See Preservation of Mt. Soledad Veterans Memorial Act*, Pub. L. No. 109-272, § 2, 120 Stat. 770 (2006) ("Public Law 109-272"). The legislative taking immediately divested the City of any interest in the war memorial, *see Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 5 (1984), and the United States is not subject to state constitutional authority. Accordingly, the May 3, 2006 order is no longer enforceable, and the appeal is DISMISSED as moot. *See Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed.") (internal citations and quotation marks omitted).

**[2]** Due to the same change in circumstances, the appeal of the district court's denial of intervention, filed by the San Diegans for the Mt. Soledad National War Memorial, is also DISMISSED as moot.

**[3]** Because the appeals were mooted due to the passage of Public Law 109-272, and not through any voluntary action of the parties, we REMAND under 28 U.S.C. § 2106 to the district court with instructions to VACATE the May 3, 2006 order to enforce the 1991 injunction. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994) ("[V]acatur must be decreed . . . where a controversy presented for review has 'become moot due to circumstances unattributable to any of the parties.' ") (quoting *Karcher v. May*, 484 U.S. 72, 82, 83 (1987)); *Chem. Producers & Distribs. Ass'n v. Helliker*, 463 F.3d 871, 879 (9th Cir. 2006) ("Lobbying Congress or a state legislature cannot be viewed as 'causing' subsequent legislation for purposes of the vacatur inquiry."). The controversy presented for review was only

whether the district court abused its discretion in ordering the enforcement of the injunction. Because the original issuance of the 1991 injunction itself was previously upheld on appeal, *see Ellis v. City of La Mesa*, 990 F.2d 1518, 1527-28 (9th Cir. 1993), a more extensive vacatur is inappropriate.

We also REMAND to the district court to determine whether, and to what extent, counsel for plaintiff-appellee may be entitled to attorneys' fees. *See Williams v. Alioto*, 625 F.2d 845, 847-48 (9th Cir. 1980) (holding that dismissal due to mootness and vacatur does not "affect the fact that for the pertinent time period appellees obtained the desired relief").

**DISMISSED AND REMANDED with instructions.**