**Mohammad Salman F. QURESHI, Petitioner,**

v.

**Linda SANDERS, Respondent.**

**No. CV 07–6382–AHS (RC).**

United States District Court, C.D. California.

June 10, 2008.

---

Daniel Benjamin Levin, AUSA–Office of U.S. Attorney, Los Angeles, CA, for Petitioner.

Assistant U.S. Attorney, Daniel Benjamin Levin, Office of U.S. Attorney, Criminal Div., Los Angeles, CA, for Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

ALICEMARIE H. STOTLER, Chief Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Complaint and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M.

Chapman, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; and (2) the action is determined to be moot, and Judgment shall be entered dismissing the petition and action as moot.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on petitioner.

## JUDGMENT

IT IS ADJUDGED that Judgment be entered dismissing the petition and action as moot.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

ROSALYN M. CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Alicemarie H. Stotler, Chief United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05–07 of the United States District Court for the Central District of California.

## BACKGROUND

On October 1, 2007, petitioner Mohammad Salman P. Qureshi, a federal inmate proceeding pro se, filed a habeas corpus petition under 28 U.S.C. § 2241, challenging the Bureau of Prison's ("BOP") failure to immediately place him in, or transfer him to, a Community Corrections Center ("CCC") or halfway house.[1] On December 3, 2007, respondent filed an answer to the petition; however, petitioner did not file a reply.

On April 23, 2008, this Court issued an Order to Show Cause why the action should not be dismissed as moot in light of petitioner's release from BOP custody on April 7, 2008.[2] Respondent filed a response to the Order to Show Cause on May 8, 2008, arguing petitioner's release from custody moots the pending petition; however, petitioner did not timely respond to the Order to Show Cause.

## DISCUSSION

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan,* 484 U.S. 193, 199, 108 S.Ct. 523, 528, 98 L.Ed.2d 529 (1988); *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975); *DeFunis v. Odegaard,* 416 U.S. 312, 316, 94 S.Ct. 1704, 1705, 40 L.Ed.2d 164 (1974) (per curiam). Mootness is a threshold jurisdictional issue. *United States v. Strong,* 489 F.3d 1055, 1059 (9th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 1218, 170 L.Ed.2d 74 (2008); *Burnett v. Lampert,* 432 F.3d 996, 999 (9th Cir. 2005).

Generally, a case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287, 120 S.Ct. 1382, 1390, 146 L.Ed.2d 265 (2000); *Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (per curiam). "This means that, throughout

---

1. "CCCs are also referred to as Residential Re-entry Centers (RRCs) or, more familiarly, 'halfway houses.'" *Muniz v. Sabol,* 517 F.3d 29, 31 n. 1 (1st Cir.2008).

2. Pursuant to Fed.R.Evid. 201, this Court takes judicial notice of BOP's "Inmate Locator" website, which shows that petitioner was released from BOP custody on April 7, 2008.

the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990)). Thus, the basic question in determining mootness is " 'whether there is a present controversy as to which effective relief can be granted.'" *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir.2007) (citation omitted); *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir.1998), *cert. denied*, 527 U.S. 1022, 119 S.Ct. 2367, 144 L.Ed.2d 771 (1999). Moreover, where injunctive relief is sought, " 'the question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be any effective relief.'" *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir.2001) (citation omitted); *Oregon Natural Res. Council v. U.S. Bureau of Land Mgmt.*, 470 F.3d 818, 820–21 (9th Cir.2006).

Here, petitioner filed a habeas corpus action under 28 U.S.C. § 2241, which does not challenge his underlying conviction and sentence, but instead attacks BOP's failure to immediately place him in, or transfer him to, a CCC or halfway house, and seeks injunctive relief "directing the Respondent to, [ ] in good faith and regardless [sic] of race or National Origin, [ ] consider the Petitioner for [sic] placement in a halfway house or home confinement during the last six months of Petitioner's sentence." Petitioner at 4. Since petitioner has now been released from BOP custody, his request for injunctive

relief and his claims are now moot.[3] *Spencer*, 523 U.S. at 17–18, 118 S.Ct. at 988; *Burnett*, 432 F.3d at 999–1001; *United States v. Williams*, 483 F.3d 889, 889 (8th Cir.2007) (per curiam).

There is an exception to mootness, however, known as "the capable of repetition" exception, *Murphy*, 455 U.S. at 482, 102 S.Ct. at 1183, which "applies only in exceptional situations, where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer*, 523 U.S. at 17, 118 S.Ct. at 988 (citations and internal quotation marks omitted). Here, this exception is inapplicable since petitioner has not demonstrated a reasonable likelihood he will once again be subject to the BOP's CCC policy. *Id.* at 18, 118 S.Ct. at 988; *Lane v. Williams*, 455 U.S. 624, 634, 102 S.Ct. 1322, 1328, 71 L.Ed.2d 508 (1982).

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order (1) approving and adopting the Report and Recommendation; and (2) determining this action to be moot, and entering Judgment dismissing the petition and action accordingly.

May 14, 2008

---

**3.** The petitioner "does not allege that he suffers from any collateral consequences as a result of the deferral of his [CCC placement]."

*Burnett*, 432 F.3d at 1000 (citing *Spencer*, 523 U.S. at 7, 118 S.Ct. at 978).