**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANAMARIA IOANA STETCO, | No. 08-70611 |
| Petitioner, | Agency No. A099-340-867 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 7, 2012
San Francisco, California

Before: FERNANDEZ and BERZON, Circuit Judges, and SMITH, District
Judge.[**]

Anamaria Iona Stetco, a native and citizen of Romania, petitions for review

of the Board of Immigration Appeals' (BIA) order dismissing her appeal of an

immigration judge's (IJ) decision denying her application for asylum, withholding

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable William E. Smith, District Judge for the U.S. District
Court the District of Rhode Island, sitting by designation.

of removal, and relief under the Convention Against Torture (CAT).  We grant

Stetco's petition.

**1.**  Contrary to the government's argument, Stetco's petition does not present

a moot question, for two reasons:

First, because we must decide whether to grant or deny Stetco's petition

based on the BIA's own reasoning, the only issues before us are those that the BIA

discussed.  *See Chawla v. Holder*, 599 F.3d 998 (9th Cir. 2010) ("We do not

review [a] portion of the IJ's decision" that "the BIA did not expressly adopt or

affirm."); *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam).  It

is therefore irrelevant to our jurisdiction that Stetco's petition did not challenge

portions of the IJ's decision, as the BIA did not hold that circumstance pertinent to

its determination of the issue that was raised.

Second, the IJ's discussion of country conditions was not an independent

ground for denying Stetco's application.  Had Stetco established a past fear of

persecution – as she might have had the IJ not made an adverse credibility

determination – the burden of establishing a change in country conditions would

have shifted to the government.  *See* 8 C.F.R. § 1208.13(b)(1); *Mendoza-Pablo v.*

*Holder*, 667 F.3d 1308 (9th Cir. 2012).  The IJ's decision noted that "objective

documents in the record do not support a finding" that Stetco had a well-founded

fear of future persecution. It therefore indicates that the IJ put the responsibility on Stetco to produce such documents, rather than on the government affirmatively to prove a change in country conditions that, by a preponderance of the evidence, establishes that Stetco no longer has a well-founded fear of persecution. Because the IJ did not hold that the government had met its burden to rebut a presumption that Stetco had a well-founded fear of persecution, his discussion of country conditions was not an independent ground for denying Stetco's application. That Stetco appealed only on the past persecution theory may have constituted abandonment of an alternative well-founded fear theory premised *only* on changed country conditions, but it did not vitiate the possibility of establishing a presumption of future persecution by first establishing past persecution.

**2.** Stetco's petition challenged each of the BIA's reasons for dismissing her appeal, namely the adverse credibility determination, the supposed lack of a "sufficiently detailed and specific account of the basis of her fear," and supposed lack of corroborating evidence. We conclude that the government has waived any challenge to the arguments Stetco raised.

The only argument proffered in the government's brief in this court is that "The Petition Should be Dismissed for Lack of Jurisdiction." The government's sole allusion in the Summary of Argument and Argument sections of its answering

3

brief to Stetco's credibility argument is a footnote indicating that the cases on which Stetco relies were not, unlike Stetco's application, governed by the Real ID Act, 8 U.S.C. § 1158(b)(1)(B)(iii).  That footnote contains no discussion of the facts or reasoning of any of the cases that Stetco contends dictate reversing the BIA, the facts of Stetco's case with regard to the credibility determination, or the reasons why the BIA's analysis when rejecting Stetco's past persecution claim is entitled to deference.  Indeed, the government's brief never states that the BIA's conclusion regarding the credibility determination should be upheld; it concludes only that the petition should be "dismissed" for lack of jurisdiction, not denied for lack of merit.  *See Lopez-Molina v. Ashcroft*, 368 F.3d 1206, 1211 n.6 (9th Cir. 2004) (noting the distinction between "dismiss[ing]" a petition for lack of jurisdiction and "den[ying]" a petition on the merits).  The government has therefore waived any argument that the BIA's credibility determination was supported by substantial evidence.  *See Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) (holding that an argument not addressed in an answering brief is waived); *cf. United States v. Strong*, 489 F.3d 1055, 1060 n.4 (9th Cir. 2007) ("The summary mention of an issue in a footnote, without reasoning in support of the . . . argument, is insufficient to raise the issue on appeal.").

4

Nor did the government's answering brief acknowledge at all Stetco's arguments that the BIA erred by concluding that she failed to provide a sufficiently detailed account of her fear or corroborate her claim with credible evidence. We accordingly deem waived any argument that these portions of the BIA's decision were supported by substantial evidence. *See Clem*, 566 F.3d at 1182.

Given the government's multiple waivers before this court, Stetco must prevail as to whether there was substantial evidence to support the BIA's adverse credibility finding. Stetco is therefore deemed credible for the purposes of assessing her asylum, withholding of removal, and CAT claims. *Cf. Joseph v. Holder*, 600 F.3d 1235, 1247 (9th Cir. 2010) (noting that when "the IJ and BIA have listed all possible reasons to support an adverse credibility determination, and they are inadequate in law or not supported by substantial evidence," a petitioner may be deemed credible).

Petition for review GRANTED; REMANDED.