**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HIE HOLDINGS, INC.; HAWAIIAN ISLES KONA COFFEE CO., LTD.; ROYAL HAWAIIAN WATER CO., LTD., | No. 10-72588 <br><br> Tax Ct. No. 5045-05 |
| Petitioners - Appellants, | MEMORANDUM[*] |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent - Appellee. | |

| | |
|---|---|
| HAWAIIAN ISLES ENTERPRISES, INC., | No. 10-72589 <br><br> Tax Ct. No. 5046-05 |
| Petitioner - Appellant, | |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent - Appellee. | |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| MICHAEL H. BOULWARE, | No. 10-72590 |
| Petitioner - Appellant, | Tax Ct. No. 5047-05 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent - Appellee. | |

Appeals from a Decision of the
United States Tax Court

David Laro, Senior Tax Court Judge, Presiding

Argued and Submitted February 12, 2013
Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

This appeal concerns tax positions filed by Hawaiian Isles Enterprises, Inc. (HIE) and HIE Holdings, Inc. (Holdings). First, the founder and controlling shareholder of HIE and Holdings, Michael Boulware, faced criminal and civil litigation for fraud and tax evasion. HIE and Holdings paid Boulware's substantial legal defense fees and claimed these fees as deductible business expenses. Second, HIE purportedly determined that it was owed a refund for 1989–1995 for overpaying its tobacco tax. After HIE purportedly determined that it had misapplied the all-events test in using self-help to obtain a refund, HIE omitted

2

from its returns the refund income from the years in which it had been reported and reported it in later years, claiming a net operating loss (NOL) for the income eliminated in the earlier years. The IRS was not persuaded that taxpayers were entitled to take either position. In a thorough opinion, the Tax Court, for the most part, agreed, characterizing most of the legal fees as Boulware's personal expenses and determining that HIE was not entitled to its claimed net operating loss carryforward for 1998, 2000, 2001, and 2002. We affirm the judgment of the Tax Court.

A.    *Legal Fees*

Boulware's contested legal defense fees are not an "ordinary and necessary" business expense under I.R.C. § 162(a) as they do not "arise[] in connection with the . . . profit-seeking activities" of HIE or Holdings, but instead spring from the personal fraud of Boulware. *United States v. Gilmore*, 372 U.S. 39, 40, 48 (1963). Nor are these fees theft losses under I.R.C. § 165(e), as HIE and Holdings knowingly paid for Boulware's fees. Taxpayers' attempt to raise the issue of the Lee expenses for appeal in a footnote fails under *United States v. Strong*, 489 F.3d 1055, 1060 n.4 (9th Cir. 2007) (holding that "[t]he summary mention of an issue in a footnote, without reasoning in support of the appellant's argument, is insufficient to raise the issue on appeal" (internal quotation marks omitted)). Taxpayers'

3

attempt to object to the Tax Court's treatment of their bad debt is similarly unavailing, as the Tax Court's judgment was not adverse to the taxpayers on this issue. Finally, the Tax Court did not clearly err in determining that Boulware cannot deduct these fees himself as ordinary and necessary expenses of his systemic wrongdoings, as his various schemes did not amount to a trade or business, even an illicit one.

B.      *Credit for Amortization Entries*

Taxpayers relied on incoherent records, unhelpful or uncredible witnesses, and their own inconsistent behavior in presenting their NOL carryforward position and, accordingly, the Tax Court reasonably rejected the factual premises underlying taxpayers' claim to a credit for the additional income reported in later years. *See United States v. Becerra-Garcia*, 397 F.3d 1167, 1172 (9th Cir. 2005) (noting that credibility determinations of trial courts are due great deference); *see also Sparkman v. Comm'r*, 509 F.3d 1149, 1156 (9th Cir. 2007).

AFFIRMED.

4