NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10546 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-01937-JAS-BPV-1 |
| v. | |
| MARTIN ANTHONY NINO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted December 20, 2018
San Francisco, California

Before:  BOGGS,** PAEZ, and OWENS, Circuit Judges.

Defendant Martin Anthony Nino appeals from the district court's decision

upholding the magistrate judge's commitment order for pre-trial competency

restoration pursuant to 18 U.S.C. § 4241(d).  The district court concluded that

§ 4241(d) mandates commitment to the custody of the Attorney General upon a

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

finding by a preponderance of the evidence that the defendant is mentally incompetent to stand trial. Nino did not oppose the finding of incompetence, but sought to remain out of custody and participate in a local outpatient restoration-to-competency program. We review de novo the district court's conclusions of law, including the constitutionality and interpretation of a statute. *See United States v. Cabaccang*, 332 F.3d 622, 624-25 (9th Cir. 2003) (en banc). We have jurisdiction under 28 U.S.C. § 1291 and the collateral-order doctrine. *See United States v. Friedman*, 366 F.3d 975, 980 (9th Cir. 2004) (holding that a "[c]ommitment [o]rder is an immediately appealable collateral order"). We affirm.

1.    Nino argues that mandatory commitment under § 4241(d) violates substantive due process. He asserts that mandatory involuntary confinement is not narrowly tailored to further a compelling government interest, because community-based treatment programs are a less restrictive means to achieve competency restoration. This argument is foreclosed, however, by *United States v. Strong*, which held that mandatory commitment under § 4241(d) does not violate due process. 489 F.3d 1055, 1057 (9th Cir. 2007). And contrary to Nino's contentions, our decision in *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772 (9th Cir. 2014) (en banc), is not "clearly irreconcilable" with *Strong*. *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (holding that a three-judge panel is not bound by circuit precedent only if it "is clearly irreconcilable with the reasoning or

2

theory of intervening higher authority"). Although Nino makes compelling arguments about changes to competency restoration programs since 2007, Nino cites no "intervening higher [legal] authority" that would justify revisiting *Strong*. *Id*.

2.  Nino also argues that § 4241(d) violates the Eighth Amendment's ban on excessive bail because mandatory commitment amounts to a categorical denial of bail for defendants found to be incompetent to stand trial. It is well-established, however, that the right to bail "is not absolute," and the Excessive Bail Clause does not prohibit Congress from "mandat[ing] detention on the basis of a compelling interest other than prevention of flight." *United States v. Salerno*, 481 U.S. 739, 753-55 (1987). Here, Congress may limit pre-trial release in light of the government's interest in restoring a defendant to competency so the prosecution may move forward. *See Jackson v. Indiana*, 406 U.S. 715, 737 (1972) (explaining that commitment serves "the need for care or treatment"); *see also Pate v. Robinson*, 383 U.S. 375, 378 (1966) (stating that "the conviction of an accused person while he is legally incompetent violates due process").

3.  Finally, Nino argues that § 4241(d) should be interpreted to allow courts to mandate "custody" in outpatient competency restoration programs. His statutory construction arguments fail. There is no "grievous ambiguity" triggering the rule of lenity, *Chapman v. United States*, 500 U.S. 453, 463 (1991) (citation

3

omitted), because the plain language of § 4241(d) provides that commitment to the custody of the Attorney General is mandatory if the court finds the defendant incompetent to stand trial. Whether the Attorney General, in his discretion, could use a community restoration program as part of his "custody" over Nino is not a question that we need to address at this time. In addition, constitutional avoidance is not at issue because, as discussed above, Nino's constitutional arguments based on the due process and excessive bail clauses are unavailing. Moreover, the general anti-discrimination provisions cited by Nino, 29 U.S.C. § 794 and 42 U.S.C. § 15009(a)(2), do not override the prevailing interpretation of § 4241(d), a specific criminal provision. *See Cal. ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1013 (9th Cir. 2000) ("It is fundamental that a general statutory provision may not be used to nullify or to trump a specific provision . . . .").[1]

**AFFIRMED**.

---

[1] Nino also argues, for the first time on appeal, that mandatory commitment under § 4241(d) violates the Equal Protection Clause and the Rehabilitation Act, 29 U.S.C. § 794. Because Nino did not raise these issues before the district court, we decline to address them. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992). Nino may raise these arguments for the district court to consider in the first instance.