**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SATNAM SINGH, | No. 17-72405 |
| Petitioner, | Agency No. A087-995-270 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2020[**]
Pasadena, California

Before: WARDLAW, COOK,[***] and OWENS, Circuit Judges.

Satnam Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' (BIA) final removal order dismissing his appeal from the

Immigration Judge's (IJ) decision denying him asylum, withholding of removal,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Deborah L. Cook, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

and protection under the Convention Against Torture (CAT).  As the parties are familiar with the facts, we do not recount them here.  We review questions of law de novo and the BIA's factual findings for substantial evidence.  *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1078 (9th Cir. 2013).  We have jurisdiction under 8 U.S.C. § 1252.  We grant the petition in substantial part, and remand to the BIA for further consideration consistent with this disposition.

1.     For the first time in his Reply Brief, Singh argues that the BIA lacked jurisdiction over his case in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).  However, *Pereira* considered only whether the issuance of a defective notice to appear stops the accrual of continuous residency for petitioners seeking cancellation of removal.  *Karingithi v. Whitaker*, 913 F.3d 1158, 1160–61 (9th Cir. 2019).  Singh's defective notice to appear therefore did not strip the BIA of jurisdiction over this case.  *Id.*

2.     In denying Singh's applications for asylum and withholding of removal, the BIA held that the government had rebutted any presumption of future persecution because circumstances had fundamentally changed in Punjab and because Singh could avoid such persecution by relocating within India.  *See* 8 U.S.C. § 1208.16(b)(1).  On appeal, the government mentions changed circumstances only in a footnote, with no argument in support of the BIA's findings.  The government therefore forfeits any argument that the BIA's changed

circumstances finding was supported by substantial evidence. *United States v. Strong*, 489 F.3d 1055, 1060 n.4 (9th Cir. 2007) ("The summary mention of an issue in a footnote, without reasoning in support of the [party's] argument, is insufficient to raise the issue on appeal." (citation omitted).

As for internal relocation, the BIA failed to conduct a "reasoned analysis with respect to a petitioner's individualized situation." *Narinder Singh v. Whitaker*, 914 F.3d 654, 661 (9th Cir. 2019). The BIA spent, at most, two paragraphs considering whether Singh could relocate within India. The BIA did not meaningfully apply any of the factors listed in 8 C.F.R. § 1208.13(b)(3) to Singh's individual circumstances. *See Knezevic v. Ashcroft*, 367 F.3d 1206, 1214–15 (9th Cir. 2004) (remanding reasonableness question after BIA failed to consider several factors under § 1208.13(b)(3)). It is not enough to show that a petitioner is physically capable of relocating; instead, the BIA must consider "the persons or entities that caused the past persecution" and "the nature and extent of the persecution" to determine whether the petitioner would be "substantially safer in a new location." *Narinder Singh*, 914 F.3d at 660–61. We remand the BIA's decisions regarding asylum and withholding so it can complete this necessary analysis.

3.	To receive humanitarian asylum, the applicant must show either "compelling reasons for being unwilling or unable to return to the country [of

nationality] arising out of the severity of the past persecution" or "a reasonable possibility that he or she may suffer other serious harm upon removal to that country." 8 C.F.R. § 1208.13(b)(1)(iii). This form of relief is reserved for "atrocious forms of persecution," and this is not the case here. *Kebede v. Ashcroft*, 366 F.3d 808, 812 (9th Cir. 2004) (citation omitted). Substantial evidence supports the BIA's decision denying humanitarian asylum.

4. The BIA failed to properly review Singh's application for CAT relief based on the totality of the circumstances. "CAT's implementing regulations explicitly require the agency to consider 'all evidence relevant to the possibility of future torture,'" which "includes the petitioner's testimony and country conditions evidence." *Parada v. Sessions*, 902 F.3d 901, 914–15 (9th Cir. 2018) (quoting *Cole v. Holder*, 659 F.3d 762, 770–72 (9th Cir. 2011)). Here, the BIA failed to discuss the voluminous country conditions evidence that Singh introduced into the record. To the extent the BIA may have considered some country conditions evidence in connection with Singh's asylum and withholding claims, the BIA nonetheless committed reversible error by failing to evaluate that evidence explicitly in connection with Singh's CAT claim. *Parada*, 902 F.3d at 916. We remand so the BIA can perform the proper analysis.

5. The BIA also improperly denied Singh's motion to reopen or remand proceedings to the IJ. Such a motion should be granted if the "evidence sought to

be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Singh's proffered evidence shows that the Congress Party—whose members allegedly persecuted Singh in Punjab—won the 2017 regional elections in Punjab. This directly rebuts the BIA's finding that circumstances have fundamentally changed, which was based largely on the Bharatiya Janata Party's rise to power in 2014. The BIA abused its discretion by denying Singh's motion, and we remand so Singh may introduce this new evidence into the record.

**PETITION FOR REVIEW GRANTED IN PART, DENIED IN PART, AND REMANDED ON AN OPEN RECORD.**[1]

---

[1] The respondent shall bear costs on appeal.