[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-12018

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARK WHEELER,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:23-cr-00021-TES-CHW-1

————————————————

Before JORDAN, JILL PRYOR, and KIDD, Circuit Judges.

PER CURIAM:

Mark Wheeler appeals the district court's order of June 5, 2024, committing him to the custody of the Attorney General after finding him incompetent to stand trial. *See* 18 U.S.C. § 4241(d) (providing that, after commitment, the Attorney General is to "hospitalize the defendant for treatment in a suitable facility . . . for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward"). The district court stayed its commitment order until this appeal was resolved. *See* D.E. 65.[1]

Mr. Wheeler argues that his competency cannot be restored because he has irreversible dementia, and that as a result the district court erred in committing him to the custody of the Attorney General. He requests that we vacate the commitment order and remand with instructions that the district court commit him to the custody of the Attorney General "for no more time than is reasonably necessary to determine whether there is a substantial probability that he will gain competency in the foreseeable future to permit the proceedings to go forward." Appellant's Br. at 34.

The language of § 4241(d) is mandatory. If the district court finds that the defendant is incompetent, it "shall" commit the

---

[1] As a result of the stay, there are no mootness issues.

defendant to the custody of the Attorney General. *See United State v. Donofrio,* 896 F.2d 1301, 1302-03 (11th Cir. 1990).

Although Mr. Wheeler contends that his dementia is irreversible, we held in *Donofrio* that the permanency of the [defendant's] condition" does not prevent commitment and is to be "determined . . . later . . . by the court." *Id.* at 1303 (rejecting the defendant's argument that if the mental condition is permanent commitment is permitted only on a finding of dangerousness). Other circuits have come to the same conclusion. *See United States v. Strong,* 489 F.3d 1055, 1062 (9th Cir. 2007); *United States v. Ferro*, 321 F.3d 756, 761-62 (8th Cir. 2003); *United States v. Filippi*, 211 F.3d 649, 650-51 (1st Cir. 2000); *Royal v. United States*, 274 F.2d 846, 849-51 (10th Cir. 1960).[2]

The length of the commitment is to be determined by the Attorney General subject to reasonableness and necessity standards and a four-month cap. *See* § 4241(d). We expect that, given the testimony presented in the district court that Mr. Wheeler's dementia is permanent, the Attorney General will promptly

---

[2] To the extent that Mr. Wheeler argues that the district court was required to place him in a particular treatment setting (i.e., a less restrictive setting), we reject the contention. We agree with the Ninth Circuit that "§ 4241(d) mandates that district courts commit mentally incompetent defendants to the custody of the Attorney General for treatment, without discretion for the court to order a particular treatment setting." *United States v. Quintero,* 995 F.3d 1044, 1050 (9th Cir. 2021).

4                        Opinion of the Court                        24-12018

determine whether there is a substantial probability that competency can be restored in the foreseeable future.

**AFFIRMED.**