UNITED STATES of America, Plaintiff–Appellee,

v.

James "Jimmy" DONOFRIO, Defendant–Appellant.

No. 88–4015.

United States Court of Appeals, Eleventh Circuit.

March 22, 1990.

**1302**

Stevan T. Northcutt, Tampa, Fla., for defendant-appellant.

Kathleen Bach, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before KRAVITCH, Circuit Judge, RONEY *, Senior Circuit Judge, and ATKINS **, Senior District Judge.

RONEY, Senior Circuit Judge:

James "Jimmy" Donofrio, charged with extortionate means of debt collection, 18 U.S.C.A. § 891, was found incompetent to stand trial. The district court committed the defendant to the custody of the United States Attorney General for examination, pursuant to 18 U.S.C.A. § 4241. Donofrio appeals the commitment order on the ground that it is excessive. He argues that any period of commitment is unreasonable because evidence shows that he will never attain the capacity to permit a trial to proceed. We affirm.

Title 18 U.S.C.A. § 4241(d) provides that if a court finds that a defendant is incompetent to stand trial, he must be committed to the Attorney General for hospitalization until it can be determined whether a probability exists that the defendant will regain the capacity to be tried.[1] We hold that this statute is mandatory and that the district court did not have the authority to circumvent the hospitalization.

This statute was passed in response to the Supreme Court decision in *Jackson v. Indiana*, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), which held that an incompetent defendant cannot be constitutionally confined beyond the reasonable period of time required to determine whether a substantial probability exists that mental competency for trial will be attained. An "indefinite commitment of a criminal defendant solely on account of his incompetency to stand trial," said the Court, "does not square with the Fourteenth Amendment's guarantee of due process." *Jackson*, 406 U.S. at 731, 92 S.Ct. at 1854.

Donofrio argues that since the evidence at his competency hearing shows that his condition is permanent, it is a violation of *Jackson* to hold him, unless he is shown to be a danger under section 4246 of the statute.[2] The permanency of Donofrio's condi-

---

* See Rule 34–2(b), Rules of the U.S. Court of appeals for the Eleventh Circuit.

** Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

1. Title 18 U.S.C.A. § 4241(d):
   If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
   (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed; and
   (2) for an additional reasonable period of time until—
   (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed; or
   (B) the pending charges against him are disposed of according to law, whichever is earlier.
   If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant is subject to the provisions of section 4246.

2. Title 18 U.S.C.A. § 4246:
   (a) **Institution of proceeding**—If the director of a facility in which a person is hospitalized certifies that a person whose sentence is about to expire, or who has been committed to the

tion was not an issue before the district court at that time, however. Once the court found by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to stand trial, then it was required "to commit the defendant to the custody of the Attorney General." The permanency of the condition would then be determined for later consideration by the court.

The Seventh Circuit recently confronted these issues and found the language of the statute mandatory and consistent with due process. It was argued in *United States v. Shawar*, 865 F.2d 856, 863 (7th Cir.1989), that because the incompetent would not recover, the purpose of the statute was fulfilled without commitment. The court held that the statute clearly provides that once a finding of incompetence to stand trial has been made, a defendant must be committed to the custody of the Attorney General. We agree with the holding of the Seventh Circuit.

Once the district court decides that a defendant is incompetent to stand trial, it is appropriate that he be hospitalized for a careful determination of the likelihood of regaining mental capacity to stand trial. The due process requirements of *Jackson* are met because the statute itself requires that the period of commitment be "reasonable" for that purpose. The statute limits confinement to four months, whether more time would be reasonable or not. Any additional period of confinement depends upon the court's finding there is a probability that within the additional time he will attain capacity to permit trial, 18 U.S.C.A. § 4241(d)(2)(A), or if he is found to create a substantial risk to himself and to others, pursuant to 18 U.S.C.A. § 4246.

While the magistrate's order contains language that arguably could prolong confinement beyond the statutory mandate, that language is not part of the order which we affirm. The district court's order patently follows the statute and is restricted by the statutory provisions.

Although jurisdiction of this appeal was questioned by the Court, it appears that both parties are correct in arguing that we have jurisdiction under 28 U.S.C.A. § 1291 and the "collateral order" doctrine, *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), as more fully set forth in *United States v. Gold*, 790 F.2d 235 (2d Cir.1986).

AFFIRMED.

custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.