UNITED STATES of America, Plaintiff,

v.

Raymond AZURE, Defendant.

No. C4–03–016.

United States District Court, D. North Dakota, Northwestern Division.

Sept. 2, 2003.

James G. Wolff, Mohall, ND, for defendant.

David D. Hagler, U.S. Attorneys, U.S. Attorney's Office, Bismarck, ND, for plaintiff.

## ORDER

HOVLAND, Chief Judge.

This matter comes before the Court as the result of the Defendant's Motion for Competency Hearing and Motion for Competency Examination, filed on May 6, 2003, and the United States' Motion for Psychiatric Examination and Report filed on May 13, 2003. On May 14, 2003, the Court granted the Defendant's Motion for Competency Examination and the United States' Motion for Psychiatric Examination and Report. On May 22, 2003, the Defendant filed a Motion for Reconsideration requesting that the Court reconsider its Order insofar as it called for the Defendant's commitment to a federal facility. Thereafter, on June 6, 2003, the Court ordered the Defendant to report to the North Dakota State Hospital for the purpose of conducting psychiatric and psychological examination to evaluate the Defendant's mental condition. A competency and evidentiary hearing was held on August 27, 2003, in Bismarck, North Dakota.

It is well-established in the Eighth Circuit that there is a three-part scheme for determining mental competency to stand trial under 18 U.S.C. § 4241. *U.S. v. Ferro,* 321 F.3d 756, 760 (8th Cir.2003). This Court must first determine, by a preponderance of the evidence, whether the Defendant suffers from a "mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a), (d). If the district court concludes that the Defendant is competent, then the case proceeds to trial. However, if the district court concludes that the Defendant lacks sufficient mental competency to proceed to trial, the statutory directive is clear and provides as follows:

**(d) Determination and disposition.**— If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, *the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility—*

(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed; and

(2) for an additional reasonable period of time until—

(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed; or

**(B)** the pending charges against him are disposed of according to law; whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant is subject to the provisions of section 4246.

18 U.S.C. § 4241(d) (emphasis added).

■ In the event it becomes apparent that the Defendant will not attain sufficient capacity to proceed to trial, then the next step is to conduct a "dangerousness hearing" in accordance with the provisions of 18 U.S.C. § 4246. The purpose of this hearing is to determine whether the Defendant would pose a "substantial risk of bodily injury to another person or serious damage to property of another" upon release. *U.S. v. Ferro*, 321 F.3d 756, 761 (8th Cir.2003).

The statutory scheme set forth in 18 U.S.C. § 4241(d) affords the Court the discretion to first determine whether the Defendant is competent to stand trial. However, the Eighth Circuit has specifically held that the district court does not have the discretion, prior to a reasonable period of hospitalization in the custody of the Attorney General, to determine whether the Defendant will likely attain the capacity to stand trial. *U.S. v. Ferro*, 321 F.3d 756, 761. Instead, 18 U.S.C. § 4241(d) expressly provides that the Attorney General "*shall hospitalize* the defendant for treatment in a suitable facility ... as is necessary" to determine whether the Defendant's condition will improve. Thus, if there is a finding of incompetence to stand trial, there must be a period of hospitalization.

The Eighth Circuit has noted that several other circuits have considered whether 18 U.S.C. 4241(d) requires commitment to the Attorney General for a period of hospitalization upon an initial finding of incom-

petence. The Eighth Circuit in *U.S. v. Ferro*, 321 F.3d at 761, concluded that all other circuits which have considered the issue have specifically held that the statute is mandatory. *See United States v. Filippi*, 211 F.3d 649, 651 (1st Cir.2000); *United States v. Donofrio*, 896 F.2d 1301, 1302 (11th Cir., 1990)(holding that the statute is "mandatory"); *United States v. Shawar*, 865 F.2d 856, 860 (7th Cir.1989)(concluding that Congress intended mandatory commitment to the Attorney General).

■ It is clear and well-established that after first determining that a Defendant is incompetent to stand trial, a district court is required to commit the Defendant into the custody of the Attorney General for a reasonable period of time to evaluate whether treatment would allow the trial to proceed. 321 F.3d 756, 761. Further, such steps are required under the current state of the law regardless of whether the Defendant's condition is irreversible. The treatment contemplated in 18 U.S.C. § 4241(d) includes hospitalization in order to carefully determine the likelihood of the Defendant regaining the mental capacity to stand trial.

■ Based on the file; the evidence and testimony of lay witnesses at the competency hearing on August 27, 2003; the testimony of expert witnesses Dr. Robert Gulkin and Dr. Joseph Belanger; and the Competency Evaluation prepared by Dr. Joseph Belanger of the North Dakota State Hospital in Jamestown, North Dakota and filed with the Court on July 23, 2003, the Court **FINDS,** by the preponderance of the evidence, that the Defendant, Raymond Azure, is not at this time mentally competent to participate in a judicial proceeding to determine the validity of the criminal charges filed against him; that the Defendant is not mentally competent to understand the nature and consequences of the proceedings against him;

and that the Defendant is presently unable to properly assist properly in his defense. The expert testimony of Drs. Gulkin and Belanger clearly established that the Defendant lacks the competence necessary to stand trial under the standards enumerated in 18 U.S.C. § 4241(d), and that the Defendant suffers from a chronic, organic brain syndrome, i.e., dementia. There was no expert testimony presented to rebut these opinions. The testimony of family members certainly raises some questions as to the Defendant's overall competence and functional capabilities. However, the overwhelming weight of the evidence supports a finding of incompetence to stand trial at this time.

**IT IS ORDERED** that pursuant to the provisions of 18 U.S.C. § 4241(d), the Court remands the Defendant to the custody of the Attorney General to be hospitalized in a suitable facility for a reasonable period of time, not to exceed four (4) months, to determine whether there is a substantial probability that, in the foreseeable future, the Defendant will attain the capacity to permit the trial to proceed and will be competent to stand trial. *See* 18 U.S.C. § 4241(d)(1) and (2). Once the Bureau of Prisons has designated the facility in which the Defendant will be hospitalized, the U.S. Marshal's Service is directed to immediately inform the Court and the Court will then determine the condition(s) of the Defendant's surrender.