**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 16, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

FELICIA ANDERSON,

     Defendant - Appellant.

No. 16-2167
(D.C. No. 1:15-CR-02486-WJ-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **SEYMOUR** and **KELLY**, Circuit Judges.

Defendant-Appellant Felicia Anderson appeals from the district court's order committing her to the Attorney General's custody under 18 U.S.C. § 4241(d). 2 R. 85–90. We have jurisdiction over this non-final order and affirm. See United States v. Boigegrain, 122 F.3d 1345, 1349 (10th Cir. 1997) (en banc) (per curiam) (explaining that a § 4241(d) commitment order is immediately appealable under the collateral order doctrine).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

In June 2015, an officer from the Drug Enforcement Administration discovered five kilograms of cocaine in Ms. Anderson's luggage while she was traveling on a bus from Buffalo, New York, to Phoenix, Arizona. She was charged with conspiring to distribute cocaine, possession with intent to distribute cocaine, and aiding and abetting. 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846; see 1 R. 15–16.

Ms. Anderson, now 41 years old, "has had a diagnosis of Mental Retardation-Mild since the age of 13." 2 R. 23. She moved for a mental competency hearing under 18 U.S.C. § 4241 after a retained psychologist concluded that she was not mentally competent to stand trial. The district court granted Ms. Anderson's motion and appointed a psychologist, who concluded that Ms. Anderson was mentally incompetent and could not be treated. The district court found that she was not competent to stand trial. It then granted the government's motion to commit Ms. Anderson to the custody of the Attorney General to determine whether she could be restored to competency. See 18 U.S.C. § 4241(d).

## Discussion

We review a district court's interpretation of a statute de novo. United States v. Porter, 745 F.3d 1035, 1040 (10th Cir. 2014). "[W]hen the statute's

- 2 -

language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms." Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000) (internal quotation marks and citation omitted).

The district court concluded that its decision to commit Ms. Anderson was not discretionary under the plain language of 18 U.S.C. § 4241(d), which states:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court *shall* commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility--
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

(emphasis added).

The language in § 4241(d) is unambiguous and mandatory — after finding that Ms. Anderson was mentally incompetent to stand trial, the district court was required to commit Ms. Anderson to the Attorney General's custody. "Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement." Kingdomware Techs., Inc. v. United States, 136 S. Ct. 1969, 1977 (2016). All circuits that have confronted this issue have so held. United States v. Magassouba, 544 F.3d 387, 404 (2d Cir. 2008); United States v. Strong, 489 F.3d 1055, 1060–63 (9th Cir. 2007); United States v. Ferro, 321 F.3d 756, 761 (8th

Cir. 2003); <u>United States v. Donofrio</u>, 896 F.2d 1301, 1303 (11th Cir. 1990); <u>United States v. Shawar</u>, 865 F.2d 856, 859–61 (7th Cir. 1989).

Ms. Anderson also argues that if § 4241(d) is read to require mandatory commitment, it violates her constitutional rights because the improbability of improvement is necessary to preserve due process. But Ms. Anderson's argument misses a large part of the holding in <u>Jackson v. Indiana</u>, 406 U.S. 715 (1972). The Court explained in <u>Jackson</u> that it is permissible to hold a defendant for a "reasonable period of time" to examine whether there is a "substantial probability" that he or she will attain capacity, so long as the procedure has a "reasonable relation" to the purpose of the commitment. <u>Id.</u> at 738. Section 4241(d) is so limited. And the fact that the language tracks <u>Jackson</u> so closely is no surprise: the statute was revised in response to the Court's decision. <u>See</u> <u>Strong</u>, 489 F.3d at 1061; <u>Donofrio</u>, 896 F.2d at 1302; <u>Shawar</u>, 865 F.2d at 864.

Ms. Anderson turns the statute on its head, advocating a scheme that requires an evidentiary hearing about whether her condition was amenable to treatment and whether, with treatment, there was a substantial probability that she could attain capacity to stand trial in the foreseeable future. Congress chose differently. And Ms. Anderson has failed to demonstrate why that scheme violates the Due Process Clause.

Though we are sympathetic to the apparent futility involved, only the Attorney General can exercise the discretion sought by Ms. Anderson.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge