[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10975
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cr-00077-CDL-CHW-1


UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

DANIEL ERIC COBBLE,

Defendant – Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 6, 2018)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Daniel Cobble, proceeding *pro se*, appeals the District Court's grant of a

joint motion from his counsel and the government to find him incompetent and

commit him to the Attorney General's custody, pursuant to 18 U.S.C. § 4241(d). On appeal, Cobble argues that the District Court erred in concluding that he was incompetent to proceed and in committing him for mental health treatment.[1] Because no clear error exists here, we affirm.

We review a district court's determination of a defendant's competency to proceed for clear error. *United States v. Bradley*, 644 F.3d 1213, 1267 (11th Cir. 2011). We give great deference to a district court's competency finding and will not overturn it if it is fairly supported by the record. *Id.*

A district court, on its own motion or on a motion by the government or defense counsel, may order a hearing to determine whether a defendant is competent to proceed. 18 U.S.C. § 4241(a). At such a hearing, the defendant "shall be represented by counsel and . . . afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(c) (providing that a mental competency hearing "shall be conducted pursuant to the provisions of section 4247(d)").

---

[1] Even though Cobble's counsel joined in the motion to have Cobble declared incompetent to proceed and to commit him to the Attorney General's custody, Cobble has standing for this appeal because (1) he personally opposed the argument that he was incompetent, and (2) his commitment to the Attorney General's custody and forced mental health treatment is a "concrete, particularized, and actual" injury directly resulting from the Court's order, which a favorable decision from this Court would redress. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 133 S. Ct. 1138, 1147 (2013).

A defendant is mentally incompetent to proceed if there is reasonable cause to believe that he has a mental disease or defect rendering him "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Bradley*, 644 F.3d at 1267 (quoting 18 U.S.C. § 4241(a)). A district court has no authority to circumvent the statutory mandate that a person found mentally incompetent must be committed to the Attorney General for hospitalization. *United States v. Donofrio*, 896 F.2d 1301, 1302 (11th Cir. 1990); *see also* 18 U.S.C. § 4241(d) (providing that "the court *shall* commit the defendant to the custody of the Attorney General" (emphasis added)).

Cobble argues that the District Court erred in concluding that he was incompetent because he is neither delusional nor a danger to society, and he is not incapable of surviving.[2] Our review of all evidence in the record, however, fairly supports the District Court's finding that Cobble was mentally incompetent to proceed. The District Court conducted the necessary hearing and made a reasonable determination regarding Cobble's competence that was not clearly erroneous. Accordingly, we affirm.

   **AFFIRMED.**

---

[2] Cobble raises myriad other substantive and procedural arguments, such as a claim that he has declared war on the United States under his personal sovereignty. All of his arguments fail to demonstrate clear error in the District Court's competency determination or show any other merit.