[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11898
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cr-00199-MHT-SRW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELDRICK DEON MCNEAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(September 21, 2021)

Before WILLIAM PRYOR, Chief Judge, BRANCH and LUCK, Circuit Judges.

PER CURIAM:

Eldrick Deon McNeal appeals the denial of his motion for immediate release and for dismissal of his indictment. McNeal sought release from the custody of the Attorney General in a prison mental facility in Butner, North Carolina, where he was undergoing treatment to restore his competency to stand trial. *See* 18 U.S.C. § 4241. Because the order denying McNeal's motion is not a final order and does not qualify for immediate appeal under the collateral order doctrine, we dismiss his appeal for lack of jurisdiction.

After McNeal entered a plea of guilty for possessing a firearm as a felon, *id.* § 922(g)(1), but before sentencing, the district court found him incompetent to stand trial and allowed him to withdraw his plea of guilty. The district court then commenced the statutory process used to determine McNeal's competency to proceed. *See id.* § 4241.

That process requires that the district court determine whether a defendant is suffering from a mental disease or defect, *id.* § 4241(a), and if he is incompetent, to commit him to the custody of the Attorney General for four months or "for an additional reasonable period of time" for treatment to determine whether there is a substantial likelihood that doctors can restore his competency, *id.* § 4241(d)(1)-(2). If the defendant's condition does not improve, *id.* § 4241(d), "the court for the district in which [he] is confined" must decide whether to refer him for civil commitment, *id.* § 4246. If the director of the mental health facility certifies that

the defendant's "release would create a substantial risk of bodily injury to another person or serious damage to property of another," *id.* § 4246(a), the defendant is entitled to a hearing to determine whether the official correctly certified him as dangerous and whether he requires further detention, *id.* § 4246(c)–(d).

In February 2016, the district court committed McNeal to the custody of the Attorney General to determine if there was a substantial probability that McNeal could stand trial in the foreseeable future. *See id.* § 4241(d)(1). Doctors opined that McNeal could improve, and in October 2016, McNeal agreed to remain at Butner to undergo mental treatment. *See id.* § 4241(d)(2). On four occasions between March 2017 and March 2019, McNeal's condition improved and then declined before his scheduled competency hearings.

In April 2019, the district court held a hearing, declared McNeal incompetent, and ordered the Attorney General to determine within 120 days whether McNeal could regain competency. *See id.* § 4241(d)(1). In November 2019, after reviewing a report from a forensic psychologist and consulting with defense counsel and the government, the district court decided that that it would rule on McNeal's restorability, *see id.* § 4241(d), and his dangerousness, *see id.* § 4246(d), after receiving an update on his condition, *see id*. § 4246(a). In March 2020, doctors reported that McNeal posed a risk of harm to the public and to property.

McNeal moved for immediate release and for dismissal of his indictment. He argued that he was not properly in the custody of the Attorney General because he had been hospitalized beyond the four-month statutory deadline to determine his competency to proceed, *see id.* § 4241(d)(1), and because no prison official had certified that he was dangerous, *see id.* § 4246(a). McNeal also argued that his prolonged detention violated his right to due process.

On May 5, 2020, the district court denied McNeal's motion. The district court ruled that the four-month deadline was enforceable, but McNeal had waived the deadline by agreeing through counsel to remain at Butner for treatment and, in the alternative, the relief he could receive of being released from the mental hospital and resuming his trial proceedings would not serve his best interest. The district court also ruled that the alleged violation of the deadline would not entitle McNeal to dismissal of his indictment and that he had not been denied due process.

On May 15, 2020, the district court held an evidentiary hearing and determined that McNeal was incompetent and unlikely to have his competency restored in the foreseeable future. *Id.* § 4241(d). The district court ordered the Bureau of Prisons to provide mental treatment for McNeal pending a hearing regarding his dangerousness, *id.* § 4246(a), which defense counsel and the government agreed should be determined by a district court in North Carolina.

4

In June 2020, the Eastern District of North Carolina received a certificate of dangerousness from Butner. *See id.* § 4246(a). McNeal moved to dismiss the certificate as defective on the ground it issued after the four-month deadline. *See id.* § 4241(d)(1). Later, he reasserted the same argument in a petition for a writ of habeas corpus. 28 U.S.C. § 2241. The North Carolina district court dismissed McNeal's petition without prejudice. McNeal is awaiting a ruling on his motion to dismiss.

We review only the denial of McNeal's motion for immediate release and to dismiss his indictment. McNeal's *pro se* notice of appeal stated that he was challenging "the order on 5/5/2020," and he never moved for leave to amend his notice after we appointed new appellate counsel. Moreover, the only ruling of the district court that McNeal challenges in his opening brief is "the order denying [his] request for release from custody and dismissal of his charges."

McNeal argues that the delay in certifying him as dangerous affects the right of the government to civilly commit him, but that issue is not properly before us. The district court never addressed the certificate of dangerousness that Butner officials filed in June 2020 in the North Carolina district court. And that district court has pending litigation involving the certificate.

We must dismiss McNeal's appeal for lack of jurisdiction. Only "final decisions of the district courts" are appealable. 28 U.S.C. § 1291; *Flanagan v.*

*United States*, 465 U.S. 259, 263 (1984). An order denying immediate release and dismissal of an indictment pending a determination of a defendant's competency to stand trial does not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (internal quotation marks omitted); *Catlin v. United States*, 324 U.S. 229, 236 (1945) ("denial of a motion to dismiss, even when the motion is based upon jurisdictional grounds, is not immediately reviewable").

"We apply the final judgment rule with utmost strictness in criminal cases unless the challenged order falls within the collateral order doctrine . . . ." *United States v. Shalhoub*, 855 F.3d 1255, 1260 (11th Cir. 2017) (internal quotation marks and citation omitted). That doctrine "permits appellate review of an interlocutory order that (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." *Id.* (alterations adopted). The order "must constitute a complete, formal and, in the trial court, final rejection, of a claimed right where denial of immediate review would render impossible any review whatsoever." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376 (1981) (internal quotation marks and citations omitted).

The order denying McNeal's motion is not an appealable interlocutory order. The refusal to immediately release McNeal does not conclusively determine his

6

commitment to the custody of the Attorney General. Nor does the order involve an important question that would be effectively unreviewable after final judgment, such as being deprived of liberty to undergo an inpatient competency examination, s*ee United States v. Donofrio*, 896 F.2d 1301, 1302–03 (11th Cir. 1990) (relying on *United States v. Gold*, 790 F.2d 235 (2d Cir. 1986)), or being medicated involuntarily, *see Sell v. United States*, 539 U.S. 166 (2003). The order also did not conclusively determine the disposition of McNeal's criminal charge. And the argument McNeal made to dismiss his indictment based on the delay in determining his competency is, in effect, a claim that he has been denied the right to a speedy trial, which is not subject to interlocutory review. *See United States v. MacDonald*, 435 U.S. 850 (1978); *see also United States v. Deshazer*, 451 F.3d 1221, 1222 (10th Cir. 2006) (dismissing the appeal of an interlocutory order denying dismissal of an indictment during competency proceedings).

A refusal to review the order at this stage also does not "practically defeat [McNeal's] right to any review at all" as required to invoke jurisdiction under the collateral order doctrine. *See Flanagan*, 465 U.S. at 265 (quoting *Cobbledick v. United States*, 309 U.S. 323, 324–25 (1940)). Federal law provides that "counsel for [McNeal] or his legal guardian may, at any time during [his] commitment, file with the court that ordered the commitment a motion for a hearing to determine whether [he] should be discharged from [the] facility . . . [where he] is committed."

*See* 18 U.S.C. § 4247(h). If the North Carolina district court denies McNeal's motion to dismiss, he is entitled to a dangerousness hearing, *see id.* § 4246(c)–(d), which will result in a final judgment that he can appeal. And if the North Carolina district court delays McNeal's proceedings, he can petition for a writ of habeas corpus to challenge the legality of his detention. *See id.* § 4247(g). No basis exists for this Court to exercise jurisdiction over McNeal's appeal.

We **DISMISS** McNeal's appeal for lack of jurisdiction.