[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10933

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DURANTE PIERRE NIMMONS,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:22-cr-00003-WLS-TQL-1

_____

Before WILSON, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Upon review of the record and the parties' responses to the jurisdictional question, we DISMISS this appeal for lack of jurisdiction. Durante Nimmons appeals the district court's March 6, 2023, order denying his motion to dismiss the indictment because the duration of his pre-hospitalization period exceeded the statutory period of four months under 18 U.S.C. § 4241(d).

The district court's March 6 order is not immediately reviewable under the collateral order doctrine. While the district court's September 9, 2022, order found Nimmons incompetent to stand trial and ordered him to be committed to the custody of the U.S. Attorney General for hospitalization and treatment, the March 6 order did not. *See United States v. Donofrio*, 896 F.2d 1301, 1303 (11th Cir. 1990) (holding that appeal from an order finding the defendant incompetent and committing him to the U.S. Attorney General for hospitalization was immediately appealable under the collateral order doctrine). Instead, that order denied Nimmons's motion to dismiss the indictment based on his claim that his pre-hospitalization period exceeded four months, and his challenge to that order is akin to a speedy trial challenge. It is thus not reviewable on interlocutory appeal. *See* 28 U.S.C. § 1291; *United States v. MacDonald*, 435 U.S. 850, 857 & n.6 (1978) (holding that the denial of a motion to dismiss the indictment based on speedy trial grounds is not immediately appealable); *Flanagan v. United States*, 465 U.S.

23-10933                Opinion of the Court                3

259, 265 (1984) (listing the requirements for an interlocutory appeal under the collateral order doctrine); *see also See United States v. Shalhoub*, 855 F.3d 1255, 1260 (11th Cir. 2017) (noting that interlocutory appeals are especially disfavored in criminal cases).