[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10773

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JULIUS CALHOUN,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cr-00167-ECM-SMD-4

_____

2                    Opinion of the Court                    23-10773

_____

No. 23-10897

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JULIUS CALHOUN,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cr-00167-ECM-SMD-4

_____

Before JILL PRYOR, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Upon our review of the record and the response to the juris-dictional questions, we DISMISS both of these appeals for lack of jurisdiction. First, as Appellant acknowledges, a notice of appeal

23-10773                Opinion of the Court                3

must designate already existing orders, and we do not have juris-diction to review future court orders.  *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998).  Appellant's ap-peal of an anticipated ruling on his motion to dismiss the indict-ment is thus not proper.

Second, the district court's March 1, 2023 order granting the government's motion to continue trial is not immediately appeala-ble under the collateral order doctrine.  That order did not conclu-sively find Appellant incompetent and commit him to the custody of the Attorney General.  *See United States v. Donofrio*, 896 F.2d 1301 (11th Cir. 1990) (holding that an order finding a defendant incom-petent to stand trial and committing him to the custody of the At-torney General was an immediately-appealable collateral order). Instead, the district court delayed the criminal proceedings until its previously-ordered commitment could occur, and a challenge to that delay is akin to a speedy trial challenge, which is not reviewa-ble on interlocutory appeal.  *See United States v. MacDonald*, 435 U.S. 850, 857 (1978).

Accordingly, appeal no. 23-10773 is DISMISSED for lack of jurisdiction.  Further, because our dismissal of appeal no. 23-10773 will lift the district court's March 16, 2023 order staying the pro-ceedings pending that appeal, appeal no. 23-10897, which chal-lenges that order, is DISMISSED as MOOT.  *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (providing that an issue is moot "when it no longer presents a live

4                        Opinion of the Court                    23-10773

controversy with respect to which the court can give meaningful relief.").  All pending motions are DENIED as MOOT.