[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10773

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JULIUS CALHOUN,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cr-00167-ECM-SMD-4

_____

2                    Opinion of the Court                    23-10773

_____

No. 23-10897

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JULIUS CALHOUN,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cr-00167-ECM-SMD-4

_____

Before JILL PRYOR, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Upon our review of the record and the response to the juris-dictional questions, we DISMISS both of these appeals for lack of jurisdiction. First, as Appellant acknowledges, a notice of appeal

must designate already existing orders, and we do not have jurisdiction to review future court orders. *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998). Appellant's appeal of an anticipated ruling on his motion to dismiss the indictment is thus not proper.

Second, the district court's March 1, 2023 order granting the government's motion to continue trial is not immediately appealable under the collateral order doctrine. That order did not conclusively find Appellant incompetent and commit him to the custody of the Attorney General. *See United States v. Donofrio*, 896 F.2d 1301 (11th Cir. 1990) (holding that an order finding a defendant incompetent to stand trial and committing him to the custody of the Attorney General was an immediately-appealable collateral order). Instead, the district court delayed the criminal proceedings until its previously-ordered commitment could occur, and a challenge to that delay is akin to a speedy trial challenge, which is not reviewable on interlocutory appeal. *See United States v. MacDonald*, 435 U.S. 850, 857 (1978).

Accordingly, appeal no. 23-10773 is DISMISSED for lack of jurisdiction. Further, because our dismissal of appeal no. 23-10773 will lift the district court's March 16, 2023 order staying the proceedings pending that appeal, appeal no. 23-10897, which challenges that order, is DISMISSED as MOOT. *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (providing that an issue is moot "when it no longer presents a live

4                          Opinion of the Court                    23-10773

controversy with respect to which the court can give meaningful relief.").  All pending motions are DENIED as MOOT.