[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12931

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHN L. MCCARTHY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:21-cr-00061-RBD-PRL-1

_____

Before WILLIAM PRYOR, Chief Judge, and WILSON and LUCK, Circuit Judges.

PER CURIAM:

John McCarthy appeals his commitment to the custody of the Attorney General for examination of his competency to stand trial, 18 U.S.C. § 4241(d), and argues that the commitment violates his due process rights. We affirm.

In September 2021, a federal grand jury charged McCarthy with attempted sex trafficking of a minor, *id.* §§ 1591(a)(1), (b)(1) and 1594(a), because he allegedly attempted to have a sexual encounter with a three-year-old child. After McCarthy, who was 91 years old when arrested, was found unresponsive in his jail cell and treated at a hospital, he was released on bond to home detention.

A few months later, McCarthy's counsel informed the district court that her client likely was incompetent to stand trial due to dementia and other end-of-life conditions. The district court requested briefing on whether it must commit him to the custody of the Attorney General for medical care to determine restorability, *id.* § 4241(d). The government responded that the plain language of section 4241(d) was mandatory. McCarthy's counsel agreed that the statute required commitment for a restorability evaluation but argued that commitment was pointless and would violate his due-process rights because the health professionals she consulted assessed him as unrestorable.

After a hearing, a magistrate judge found McCarthy incompetent to stand trial, as both parties had conceded. The magistrate judge determined, based on our precedent applying section 4241(d), that McCarthy must be committed to the custody of the Attorney General for a determination of restorability. The district court, over McCarthy's objections, adopted the commitment order.

Our precedent forecloses McCarthy's due-process arguments. In *United States v. Donofrio*, we held that, under section 4241(d), "[o]nce the district court decides that a defendant is incompetent to stand trial, it is appropriate that he be hospitalized for a careful determination of the likelihood of regaining mental capacity to stand trial." 896 F.2d 1301, 1303 (11th Cir. 1990). McCarthy argues, as Donofrio did, that his commitment violates due process concerns under *Jackson v. Indiana*, 406 U.S. 715 (1972), because his competency is unlikely to be restored and he is close to death. But we have explained that the requirement in section 4241(d), enacted in response to *Jackson*, that the commitment period be "reasonable" for the purpose of regaining competency and be for no more than four months, satisfies due process. *Donofrio*, 896 F.2d at 1303. And because the statute plainly requires that a district court "*shall* commit the defendant" if it finds he is incompetent to stand trial, 18 U.S.C. § 4241(d) (emphasis added), the "permanency of [his] condition [is] . . . for later consideration by the court." *Donofrio*, 896 F.2d at 1303.

We **AFFIRM** McCarthy's order of commitment.