[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10508

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARCOS CAMPOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20237-RAR-1

_____

2                    Opinion of the Court                    23-10508

Before JILL PRYOR, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

In this case, the district court issued an order extending the time during which appellant Marcos Campos remained committed to the Attorney General's custody. In its order, the district court determined that there was a substantial probability that if Campos remained committed for an extended time, he would attain the capacity to permit the criminal proceedings against him to move forward. Campos filed an interlocutory appeal. While the appeal was pending, the director of the facility where Campos was committed determined that he had attained the capacity to permit the criminal proceedings to move forward, and he was released from the Attorney General's custody. The government then moved to dismiss the appeal as moot. We GRANT the government's motion.

**I.**

Campos was charged with one count of receipt of child pornography and one count of possession of child pornography. After his arrest, he was released on bond.

While awaiting trial, Campos requested a competency determination. After three psychological evaluations showed that Campos was not competent to proceed to trial, the district court found that Campos was "presently suffering from a mental disease or defect that render[ed] him unable to understand the nature and consequences of the proceedings against him and unable to assist

23-10508                Opinion of the Court                3

properly in his defense." Doc. 49 at 2.[1] The court then ordered Campos committed to the custody of the Attorney General for a period not to exceed four months for treatment and a determination whether there was a substantial probability that he would attain the capacity to permit the proceedings to go forward. *See* 18 U.S.C. § 4241(d)(1); *see also United States v. Donofrio*, 896 F.2d 1301, 1302 (11th Cir. 1990) (explaining that when a district court finds a defendant incompetent to stand trial, "he must be committed to the Attorney General for hospitalization until it can be determined whether a probability exists that the defendant will regain the capacity to be tried").

Campos was treated and evaluated at the Federal Medical Center in Butner, North Carolina ("FMC Butner"). Shortly before the end of the four-month commitment period, the government filed a motion to extend the period of Campos's commitment. *See* 18 U.S.C. § 4241(d)(2) (permitting defendant to remain in custody for an "additional reasonable period of time" if the court finds "there is a substantial probability that within such additional period of time [the defendant] will attain the capacity to permit the proceedings to go forward"). The psychologists evaluating Campos opined that "with intensive intervention" there was "a substantial probability that [Campos's] competency related skills could improve" if he remained in custody and continued to receive treatment for an additional 120 days. Doc. 61-2 at 20–21.

---

[1] "Doc." numbers refer to the district court's docket entries.

Campos moved for his immediate release from custody. He argued that the period of his commitment had expired and should not be extended because the government failed to establish a substantial probability that he would attain competency if he remained committed for an additional 120 days.

The magistrate judge entered an order granting Campos's motion for immediate release and denying the government's motion. The magistrate judge found that the government failed to establish by a substantial probability that Campos could be restored to competency if he remained committed for an additional 120 days. Based on the magistrate judge's order, Campos was released from FMC Butner.

The government objected to the magistrate judge's order. The district court concluded that the magistrate judge had "clearly erred in finding . . . no substantial probability" that Campos would attain the capacity to permit the proceedings to go forward if his commitment was extended by 120 days. Doc. 72 at 4. The district court set aside the magistrate judge's order, granted the government's motion to extend Campos's treatment period, and denied Campos's motion for immediate release. The district court ordered Campos back into the Attorney General's custody.

Campos filed this interlocutory appeal, asking this Court to reverse the district court's order extending the period of his commitment. While the appeal was pending, Campos returned to the Attorney General's custody and was treated and evaluated at FMC Butner for an additional 120-day period. During this period, the

facility director concluded that Campos's condition had sufficiently improved so that his trial could proceed and issued a Certificate of Restoration of Competence to Stand Trial. *See* 18 U.S.C. § 4241(e). Campos then was released from FMC Butner, and the proceedings in district court have continued.

The government has moved to dismiss Campos's appeal, arguing that it is moot. Campos has filed a notice of non-opposition to the motion.

## II.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "Cases" or "Controversies." U.S. Const. art. III, § 2. "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (internal quotation marks omitted). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (alteration adopted) (internal quotation marks omitted). "[I]f events that occur subsequent to the filing of . . . an appeal deprive the court of the ability to give the . . . appellant meaningful relief, then the [appeal] is moot and must be dismissed." *Id.* (internal quotation marks omitted). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id.* (internal quotation marks omitted).

Although appellate jurisdiction existed when Campos filed his notice of appeal, the appeal has become moot. While the appeal

was pending, Campos was taken back into the Attorney General's custody and returned to FMC Butner for a second 120-day period of treatment and evaluation. During this period, the facility director certified that Campos's competence had been restored, and Campos was released from custody. *See* 18 U.S.C. § 4241(e). Because Campos's extended period of confinement has concluded, we cannot grant him any meaningful relief in this appeal from the order committing him to the custody of the Attorney General for an additional 120 days. We thus conclude that we no longer have jurisdiction over this appeal.[2]

**DISMISSED AS MOOT.**

---

[2] We note that the district court has not yet decided whether Campos is competent to stand trial. *See* 18 U.S.C. § 4241(e) (explaining that after a facility director issues a certification, the district court must "hold a hearing . . . to determine the competency of the defendant"). Nothing in our opinion today addresses the issue of Campos's competence to stand trial. Instead, we merely decide that Campos's appeal from the order extending the period of his commitment is moot.